SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>              Plaintiff,<br><br>v.<br><br>JAMES HIGGINS, an individual,<br><br>              Defendant. | Case No.: 2:11-cv-XXXX<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against James Higgins ("Mr. Higgins") on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Higgins is, and has been at all times relevant to this lawsuit, a registered member of the Internet domain found at <groups.google.com> (the "Domain").

5. Mr. Higgins is, and has been at all times relevant to this lawsuit, identified as "Jim_Higgins" by the content accessible through the Domain (said content accessible through the Domain and the Domain itself collectively known herein as the "Website").

6. Mr. Higgins reproduced an unauthorized copy of the Righthaven-owned literary work entitled: "Somehow, patting down disabled, elderly improves security" (the "Work"), attached hereto as Exhibit 1, and posted said unauthorized copy (the "Infringement"), attached hereto as Exhibit 2, on the Website.

## JURISDICTION

7. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

8. Righthaven is the owner of the copyright in the literary Work.

9. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

10. Mr. Higgins willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

11. On or about November 21, 2010, Mr. Higgins displayed, and continues to display, the Infringement on the Website.

12. At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

13.     The subject matter, at least in part, of the Work and the Infringement, is the security measures set forth by the TSA at the Reno-Tahoe International Airport in Nevada.

14.     At all times relevant to this lawsuit, Mr. Higgins knew that the Work was originally published in the Las Vegas *Review-Journal*.

15.     At all times relevant to this lawsuit, Mr. Higgins knew that the Infringement was and is of specific interest to Nevada residents.

16.     At all times relevant to this lawsuit, the Infringement, as publically displayed on the Website was and is accessible in Nevada.

17.     At all times relevant to this lawsuit, the Infringement occurred and continues to occur in Nevada.

18.     Mr. Higgins' display of the Infringement was and is purposefully directed at Nevada residents.

## **VENUE**

19.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

20.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because Mr. Higgins is subject to personal jurisdiction in Nevada.

## **FACTS**

21.     The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

22.     Righthaven is the owner of the copyright in and to the Work.

23.     The Work was originally published on or about November 21, 2010.

24.     On December 15, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Work, including the

application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-534408003, and attached hereto as Exhibit 3 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

25. On or about November 21, 2010, Mr. Higgins displayed, and continues to display, the Infringement on the Website.

26. Mr. Higgins did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

27. Mr. Higgins was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

28. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 27 above.

29. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

30. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

31. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

32. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

33. Mr. Higgins reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

34. Mr. Higgins created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

35. Mr. Higgins distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

36.     Mr. Higgins publicly displayed, and continues to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

37.     Mr. Higgins has willfully engaged in the copyright infringement of the Work.

38.     Mr. Higgins' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

39.     Unless Mr. Higgins is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Higgins of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.      Preliminarily and permanently enjoin and restrain Mr. Higgins, and Mr. Higgins' agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Mr. Higgins, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.      Direct Mr. Higgins to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a.      All evidence and documentation relating in any way to Mr. Higgins' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b.      All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. Higgins has communicated regarding Mr. Higgins' use of the Work; and

c. All financial evidence and documentation relating to Mr. Higgins' use of the Work;

3. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

4. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this eleventh day of January, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano

SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff Righthaven LLC*